UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BDI LIQUIDATING CO., INC.,
f/k/a Baird Display, Inc.,
f/k/a C. D. Baird & Co., Inc.,
MICHAEL S. POLSKY, Receiver,

    Plaintiffs,
  v.            Case No. 06-C-0620

QUEST GRAPHIC, LLC,

    Defendant.

DECISION AND ORDER DENYING MOTION TO DISMISS

  BDI Liquidating Co., Inc. (BDI) filed an Assignment for the Benefit of Creditors in the Milwaukee County Circuit Court, on May 6, 2005, under Chapter 128 of the Wisconsin Statutes and the court appointed Michael S. Polsky as Receiver of BDI's assets. Thereafter, Polsky sued Quest Graphics, LLC (Quest) in the Milwaukee County Circuit Court to recover payments of $469,723.21 by BDI as preferential transfers.

  Quest removed the case to this court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1446. Now, Quest is asking this to dismiss the Receiver's complaint pursuant to Fed. R. Civ. P. 12(b)(1and12(b)(6). According to Quest, Wis. Stat. § 128.07, which authorizes the Receiver to seek recovery of the alleged preferential transfers at issue, is preempted by the Federal Bankruptcy Code, even though BDI is not a debtor under Title 11 of the United States Code.

  A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Dismissal of an action under such a motion is warranted if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Scott v. City of Chicago*, 195

F.3d 950, 951 (7th Cir. 1999); *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts; rather, it is that even assuming all of the facts presented are accurate, he has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

Federal notice pleading requires only that a plaintiff set out a "short and plain" statement of the claim providing a defendant with fair notice of her claim; fair notice does not require every element of a legal theory to be specifically set forth. *Scott*, 195 F.3d at 951. Conclusions or vague language are acceptable so long as a defendant can understand the claim. *See Muick v. Glenayre Elecs.*, 280 F.3d 741, 744 (7th Cir. 2002).

The issue for decision is whether federal law preempts Wis. Stat. § 128.07. Recently, Chief Judge Randa of this court and Chief Judge Crabb of the Western District of Wisconsin addressed the same preemption question. *APP Liquidating Co. v. Packaging Credit Co.*, No. 05-C-846, 2006 U.S. Dist. LEXIS 60195 (E.D. Wis. Aug. 24, 2006); *Ready Fixtures Co., Michael Polsky Receiver v. Stevens Cabinets*, 488 F. Supp. 787 (W.D. Wis. 2007). Both judges agreed that federal law does not preempt Wis. Stat. § 128.07. This court concurs.

Now, therefore,

IT IS ORDERED that Quest Graphic, LLC's, motion to dismiss is denied.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE